BRADLEY BANK, Plaintiff,

v.

HARTFORD ACCIDENT AND INDEM-
NITY COMPANY, Defendant.

No. 82-C-62.

United States District Court,
W.D. Wisconsin.

April 6, 1983.

Schmitt, Hartley, Arndorfer & Schnabel
by Leonard F. Schmitt, Merrill, Wis., for
plaintiff.

Tomlinson, Gillman & Travers by Bruce
Gillman, Madison, Wis., for defendant.

## MEMORANDUM AND ORDER

SHABAZ, District Judge.

The parties having come before the Court
for hearing on March 30, 1983 concerning
plaintiff's motion to vacate the judgment
entered for defendant, the Court denies
plaintiff's motion.

## FACTS

This diversity action was commenced by
plaintiff to recover its losses on an insur-
ance policy issued by defendant. Plaintiff
was covered by a Bankers Blanket Bond
which excluded certain losses, the pertinent
exclusion reading as follows:

> The underwriter shall not be liable under
> the attached bond for:
>
> Loss resulting from payments made or
> withdrawals from any depositors account
> which has been credited with items of
> deposit which are uncollected for any rea-
> son, including forgery, unless such pay-
> ments are made to, or withdrawn by,
> such depositor or representative of such
> depositor who is within the office of the
> insured at the time of such payment or
> withdrawal, or unless such loss is covered
> under Insuring Agreement Clause (A).

Plaintiff bank was victimized by a check
kiting scheme perpetrated by one of its
depositors and defendant denied coverage
for the loss because the depositor was not
"within the office of the insured" (that is,
the plaintiff bank) at the time of the pay-
ment.

Plaintiff asserted that the above quoted
phrase was ambiguous because it did not

use the term "physically within" or other words to that effect which would have clarified any asserted ambiguity. On cross motions for summary judgment and with extensive stipulated facts, the Court granted judgment to defendant, holding that the phrase was not ambiguous. The Court also pointed out that the doctrine of *contra preferentem,* on which plaintiff's argument depended, would probably not be available in this case because of the holding of the Wisconsin Supreme Court in *State Bank of Viroqua v. Capitol Indemnity Corp.,* 61 Wis.2d 699, 214 N.W.2d 42 (Wis.1974).

The Court's decision was filed on February 7, 1983, and judgment was entered on February 11, 1983. In a letter to the Court subsequent to the entry of judgment, defendant's counsel mentioned that the Bankers Blanket Bond had been changed in 1980. This fact had not been part of the stipulation filed with the Court.

Plaintiff thereafter moved that the judgment be vacated pursuant to Rule 60(b), Federal Rules of Civil Procedure, because of newly discovered evidence. That evidence was, of course, the fact that the insurance contract had been changed specifically with the ambiguity claimed by plaintiff in mind. The new uncollected funds exclusion reads as follows:

> (n) loss resulting directly or indirectly from payments made or withdrawals from a depositor's account involving items of deposit which are not finally paid for any reason, including but not limited for Forgery or any other fraud, unless such payments or withdrawals are *physically* received by such depositor or representative of such depositor who is within the office of the Insured at the time of such payment or withdrawal, or except when covered under Insuring Agreement (a). (Emphasis supplied)

The new Blanket Bond with the above language was received by the plaintiff bank sometime in November, 1981; that is, prior

to the initiation of this lawsuit. It appears that none of the officers of plaintiff bank who were aware of the receipt of the new insurance contract understood its significance to the ongoing dispute between the parties. It further appears that plaintiff's counsel was not aware of the new contract until its existence was mentioned by defendant's counsel in his letter to the Court after entry of judgment.

### MEMORANDUM

In *U.S. v. Walus,* 616 F.2d 283 (7th Cir. 1980), the Court of Appeals set forth the prerequisites for post-judgment relief under Rule 60(b)(2): [1]

1. The new evidence was discovered after trial;
2. Due diligence on the part of the movant is shown or can be inferred;
3. Evidence is not merely cumulative or impeaching;
4. Evidence is material; and
5. Evidence would probably produce a new result.

The evidence at issue here was clearly discovered after judgment was entered. Further, the evidence is not merely cumulative or impeaching because no evidence of ambiguity, other than the language itself, had been offered.

 Plaintiff asserts, correctly in the Court's view, that the evidence is material. A subsequent change in an insurance contract to language which is asserted to be ambiguous is evidence of that ambiguity. *Pan American v. Aetna,* 505 F.2d 989, 1001, n. 10 (2nd Cir.1974).

Finally, plaintiff has established due diligence by showing that plaintiff's counsel had no reason to believe that a change had been made and by showing that no bank officer who had reason to understand its significance was aware of it.

 Thus, plaintiff easily meets the first four prerequisites to relief from a judgment

---

1. Although the Court treats this motion as one under Rule 60(b)(2), the motion is not strictly within the ambit of that rule because there was no trial in this matter. If the motion is not cognizable under 60(b)(2), the Court would treat the motion as one pursuant to the catch-all of 60(b)(6) and apply the same prerequisites.

because of newly discovered evidence. However, plaintiff did not and, in the Court's view, cannot, meet the requirement that the new evidence would produce a different result.

First, the new evidence, while material, is not determinative. *Pan American v. Aetna* does not say otherwise. In its previous decision, this Court stated that the language at issue was not even slightly ambiguous,. the word "within" being reasonably clear and capable of being construed to only a very limited extent. The addition of the word "physically" adds very little to the language of the insurance policy within the context of this case, although it does make considerable difference to a fact situation like that in *Clarendon Bank & Trust v. Fidelity and Deposit Company of Maryland,* 406 F.Supp. 1161 (E.D.Vir.1975) which this Court discussed and distinguished in its previous decision. The change in the policy does not elaborate on the meaning of "within the office of the insured." If it had done so, plaintiff's argument would be more compelling. Rather, the change clarified that the payments or withdrawals must be "physically received" by the depositor while on the premises. Thus the change goes directly to the situation in *Clarendon* and may well have been drafted with that case, or one like it, in mind. The change does not convince this Court that an ambiguity existed in the contract as it was applied to this case.

■ Second, even if the new evidence were to compel a conclusion that the contract was ambiguous, plaintiff would still not establish the likelihood of a different result. The contract here, the Bankers Blanket Bond, is the product of negotiation between the banking and surety industries, thus making the rule of *contra preferentem* unavailable. *State Bank of Viroqua,* supra. Inasmuch as plaintiff's argument on summary judgment depended on the applicability of the rule because of the logical narrowness of its view of the disputed language, it is clear that plaintiff cannot show a probable change in result.

Accordingly,

ORDER

IT IS ORDERED that plaintiff's motion to vacate the judgment previously entered in this matter is DENIED.